UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRON J. DAVIS,

          Petitioner,                     Case No. 15-11528
                                              Hon. Matthew F. Leitman

v.

DUNCAN MACLAREN,

          Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (ECF #1), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

## INTRODUCTION AND PROCEDUAL HISTORY

This matter has come before the Court on a *pro se* petition for a writ of habeas corpus (the "Petition"). (*See* ECF #1.)   Petitioner Jerron J. Davis ("Petitioner") is a state prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan. (*See* ECF #8.)   Although Petitioner addressed his habeas petition to Michigan's 50th judicial circuit court in Chippewa County, Michigan and titled his pleading a "state writ of habeas corpus," (*See* ECF #1 at 1, Pg. ID 1), he mailed the pleading to the Clerk of this Court at its Detroit office. The Court thereafter entered an Order in which it directed Petitioner to "clarify, in writing, whether he intended to file the [Petition] with this Court as a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 or if he intended to file the [Petition] with a state court." (ECF #5 at 2, Pg. ID 66.)  Petitioner responded to that Order by informing the Court that he wished for "*this* Court [to] address the merits" of the Petition. (ECF #6 at 1, Pg. ID 67) (emphasis added).  The Court will thus treat the Petition as having been filed pursuant to 28 U.S.C. § 2254.  However, because Petitioner has alleged a state-law jurisdictional claim that is not cognizable on federal habeas review, the Court will dismiss the Petition.

## RELEVANT FACTUAL BACKGROUND

### A.    The Preliminary Proceedings, Trial, and Sentence

The Petition and the attached exhibits allege that Petitioner was arrested in Oakland County, Michigan and arraigned in Michigan's 48th District Court on August 29, 2006. (*See* ECF #1 at 16, Pg. ID 16.)  Following a preliminary examination on that same day, the district court judge bound Petitioner over for trial in Oakland County Circuit Court on several charges. (*See id.* at 17-18, Pg. ID 17-18.)  On September 6, 2006, the transcript of the preliminary examination was filed in the circuit court, and on September 7, 2006, Petitioner was arraigned in circuit court. (*See id.* at 19, Pg. ID 19.)  On September 11, 2006, the information was filed in the circuit court.[1]  Finally, on September 13, 2006, the district court

---

[1] An information is the charging document used in the circuit court after a criminal defendant is arraigned in that court and bound over for trial.

2

judge's "return" was filed in the circuit court. (*See id.*)  As explained below, under Michigan law, it is the filing of the "return" that vests jurisdiction in the circuit court.

Petitioner was later tried before a jury in Oakland County Circuit Court, and, on November 16, 2006, the jury found him guilty of carjacking, Mich. Comp. Laws §750.529a, armed robbery, Mich. Comp. Laws §750.529, first-degree home invasion, Mich. Comp. Laws §750.110a(2), carrying a concealed weapon, Mich. Comp. Laws §750.227, and three counts of possessing a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. (*See id.* at 20-21, Pg. ID 20-21; *see also id.* at 48, Pg. ID 48.)   On December 21, 2006, the state trial court sentenced Petitioner to the following sentence of imprisonment:  375 months to fifty years for the carjacking and robbery convictions; thirteen to twenty years for the home invasion conviction; two years for possessing a firearm during the commission of a felony conviction; and two to five years for having a concealed weapon conviction. (*See id.* at 22-27, Pg. ID 22-27; *see also id.* at 48, Pg. ID 48.) The Michigan Court of Appeals affirmed Petitioner's convictions, *see People v. Davis*, No. 275478, 2008 WL 649803 (Mich. Ct. App. Mar. 11, 2008) (unpublished), and, on July 29, 2008, the Michigan Supreme Court denied leave to appeal. *See People v. Davis*, 753 N.W.2d 179 (2008).

3

**B.    The State Habeas Complaint and Subsequent Appeals**

It appears that, in 2014, Petitioner filed a state complaint for a writ of habeas corpus in Chippewa County, Michigan.   (*See* ECF #1 at 31, Pg. ID 31.)  Petitioner claimed that the state circuit court lacked jurisdiction because it began the proceedings against him before the filing of the "return."  (*See id.* at 32-35, Pg. ID 32-35.)  On September 9, 2014, Chippewa County Circuit Judge James P. Lambros ("Judge Lambros") dismissed the complaint. (*See id.*)  Judge Lambros ruled that habeas corpus "was an improper method of review" because "the arguments propounded by [Petitioner] did not divest the [circuit court] of jurisdiction." (*Id.* at 34, Pg ID 34.)  Petitioner then filed a motion for reconsideration. (*See id.* at 36-45, Pg. ID 36-45.)   On October 1, 2014, Judge Lambros reaffirmed his opinion and order dismissing the habeas complaint and denied Petitioner's motion for reconsideration. (*See* ECF #1-1 at 2, Pg. ID 52.)

Petitioner attempted to appeal Judge Lambros' decision, but the Michigan Court of Appeals declined to file his appeal because he failed to pay the filing fee in a timely manner. (*See id.* at 3, Pg. ID 53.)  Petitioner then attempted to file an appeal in the Michigan Supreme Court.  On March 5, 2015, that court returned Petitioner's pleading and ordered him to pay an initial partial filing fee of $21.00 within twenty-one days of the court's order. *See Davis v. Kinross Corr. Facility*

*Warden*, 859 N.W.2d 711 (Mich. 2015). On March 31, 2015, the Michigan Supreme Court closed its file because Petitioner failed to comply with the court's order directing him to pay a partial filing fee. *See Davis v. Kinross Corr. Facility Warden*, 861 N.W.2d 6 (Mich. 2015).

## C.     The Federal Habeas Petition

On April 28, 2015, Petitioner filed the Petition in this Court. (*See* ECF #1.) Petitioner seeks to be discharged from state custody on the basis that the Oakland County Circuit Court lacked jurisdiction to conduct any proceedings in his criminal case. Specifically, Petitioner alleges that the circuit court received the transcript of the preliminary examination, arraigned him, and filed the criminal complaint before the state district-court magistrate filed her return and conferred jurisdiction on the circuit court.

## <u>ANALYSIS</u>

## A.     Exhaustion, Procedural Default, the Statute of Limitations

The Court begins its analysis by noting that Petitioner's claim appears to be barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). His claim also appears to be unexhausted or procedurally defaulted[2] because both the

---

[2] The doctrine of exhaustion of state remedies requires state prisoners to present all of their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1). The doctrine of procedural default prohibits a federal court from reviewing the merits of a state prisoner's claims if a

Michigan Court of Appeals and the Michigan Supreme Court rejected Petitioner's 2015 appeals for failure to pay the courts' filing fees. Nevertheless, the exhaustion rule is not a jurisdictional requirement, *see Castille v. Peoples*, 489 U.S. 346, 349 (1989), and "a procedural default . . . is not a jurisdictional matter." *Trest v. Cain*, 522 U.S. 87, 89 (1997). The statute-of-limitations defense also is not jurisdictional, *Day v. McDonough*, 547 U.S. 198, 205 (2006), and Petitioner's claim does not warrant federal habeas relief. The Court therefore proceeds directly to the merits of Petitioner's claim.

**B.     Petitioner's State-Law Claim**

Petitioner contends that the criminal proceedings against him in the Oakland County Circuit Court were void because the circuit court lacked jurisdiction. Although Petitioner alleges that the state court's lack of jurisdiction violated his constitutional rights to due process and equal protection of the law, the actual basis for his claim is that the state court violated a Michigan statute, which provides:

> All informations shall be filed in the court having jurisdiction of the offense specified in the information *after the proper return is filed* by the examining magistrate and by the prosecuting attorney of the county as informant. The information shall be subscribed by the prosecuting attorney or in his or her name by an assistant prosecuting attorney.

---

state court declined to hear the claims because the prisoner failed to abide by a state procedural rule. *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012).

6

Mich. Comp. Laws § 767.40 (emphasis added); *see also People v. Goecke*, 579 N.W.2d 868, 871 (1998) (stating that "[j]urisdiction vests in the circuit court when a return is filed by the magistrate"); *People v. Flowers*, 477 N.W.2d 473, 476 (1991) (stating that "[a] circuit court does not acquire jurisdiction until a return is filed by the district court . . . ."). Petitioner maintains that the Oakland County Circuit Court proceeded against him before the magistrate's return was filed and, therefore, the circuit court lacked jurisdiction.

Petitioner is not entitled to federal habeas relief based upon the alleged violation of the Michigan jurisdictional statute because, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges,* 423 U.S. 19, 21 (1975) (*per curiam*)). And a "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). At most, Petitioner's claim suggests a violation of his rights under Michigan law; it does not implicate any rights protected under federal law. *See O'Neal v. Unknown Oakland Circuit Judge*, 2006 WL 644851, at *3 (W.D. Wis. Mar. 13, 2006) (holding that claim that a Michigan circuit court proceeded against a criminal defendant before

7

filing of "return" is a matter of state law and does not present a federal constitutional question). Thus, Petitioner's claim is not cognizable on federal habeas review. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984) (holding federal courts "may not issue the writ [of habeas corpus] on the basis of a perceived error of state law"). The Court therefore concludes that Petitioner is not entitled to federal habeas relief and it will dismiss the Petition.

## C.      Certificate of Appealability and Appellate Filing Fee

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 at 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Reasonable jurists would not disagree with the Court's resolution of Petitioner's claim, nor conclude that the issue presented is adequate to proceed further.

8

## <u>CONCLUSION</u>

For all of the reasons stated above, **IT IS HEREBY ORDERED** that:

- The Petition (ECF #1) is **DISMISSED;**

- A certificate of appealability is **DENIED**; and

- Petitioner may not proceed *in forma pauperis* on appeal because an appeal from this decision could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 21, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 21, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113
